No. 04-00-00532-CR



Robert EVANS, Jr.,


Appellant



v.



The STATE of Texas,


Appellee



From the 290th Judicial District Court, Bexar County, Texas


Trial Court No. 2000CR1324


Honorable Sharon MacRae, Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Alma L. López, Justice

 Catherine Stone, Justice

 Karen Angelini, Justice


Delivered and Filed: January 30, 2002


AFFIRMED

 A jury found Robert Evans, Jr. guilty of aggravated assault with a deadly weapon and
assessed punishment at five years imprisonment, with a recommendation of community supervision.
Following the jury's recommendation, the trial court placed Evans on community supervision for a
term of five years. In a single issue, Evans argues that he was denied effective assistance of counsel.
We affirm the judgment of the trial court.

 Because the test for ineffective assistance of counsel is the same under the state and federal
constitutions, both inquiries are subsumed into one. Hernandez v. State, 726 S.W.2d 53, 56-57 (Tex.
Crim. App. 1986). We measure a claim of ineffective assistance of counsel against the two-prong
test established by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984). See
Hernandez, 726 S.W.2d at 55-57. The appellant must first show that his attorney's performance was
deficient, i.e., that his assistance fell below an objective standard of reasonableness. Thompson v.
State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Second, assuming the appellant has demonstrated
deficient assistance, it is necessary to affirmatively prove prejudice. Id. In other words, the appellant
must show a reasonable probability that, but for his attorney's unprofessional errors, the result of the
proceeding would have been different. Id. A reasonable probability is a probability sufficient to
undermine confidence in the outcome. Id. 

 The assessment of whether a defendant received effective assistance of counsel must be made
according to the facts of each case. Id. at 813. Any allegation of ineffectiveness must be firmly
founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. Id.
Failure to make the required showing of either deficient performance or sufficient prejudice defeats
the ineffectiveness claim. Id. Absent both showings an appellate court cannot conclude that the
conviction resulted from a breakdown in the adversarial process that renders the result unreliable.
Id. Appellant bears the burden of proving by a preponderance of the evidence that counsel was
ineffective. Id. We look to the totality of the representation and the particular circumstances of each
in evaluating the effectiveness of counsel. Id. When reviewing a claim of ineffective assistance of
counsel, we must be highly deferential to trial counsel and avoid "deleterious effects of hindsight."
Id. Further, there is a strong presumption that counsel's conduct fell within the wide range of
reasonable professional assistance. Id. 

 Evans claims that his attorney failed "to individually question and challenge for cause
prospective jurors counsel obviously believed were objectionable." Specifically, during voir dire, a
venire person, identified only as "Juror Number 23," stated that she did not think she could be fair
because her uncle had been murdered and that Evans would not be on trial if he had not done some
wrongful act. Evans's attorney did not move to strike "Juror Number 23" for cause. Instead, he
spoke generally to the venire panel about the importance of the presumption of innocence. The
record does not indicate whether "Juror Number 23" actually served on the jury. Evans also argues
that he was denied effective assistance of counsel, because trial counsel failed to interview and call
Evans's neighbors who would have given favorable testimony. However, the identity of these
potential witnesses is not reflected in the record. 

 The instant case presents an example of the inadequacies inherent in evaluating ineffective
assistance claims on direct appeal. Evans's complaints directed at his trial counsel involve actions
that may or may not be grounded in sound trial strategy. The record does not reflect his attorney's
reasons for doing or failing to do the things of which appellant complains. In such situations, the
issues are better presented within the framework of a post-conviction writ of habeas corpus under
article 11.07 of the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon
Supp. 2001); Ex parte Torres, 943 S.W.2d 469, 475- 76 (Tex. Crim. App. 1997); see also Thompson,
9 S.W.3d at 813 ("A substantial risk of failure accompanies an appellant's claim of ineffective
assistance of counsel on direct appeal. Rarely will a reviewing court be provided the opportunity to
make its determination on direct appeal with a record capable of providing a fair evaluation of the
merits of the claim..."). As such, we overrule Evans's issue and affirm the judgment of the trial court.
 


 Karen Angelini, Justice

Do not publish